IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN BERNARD BLACKSTONE, | ) |
| | ) Civil Action No. 2: 12-cv-1786 |
| Plaintiff, | ) |
| | ) Cathy Bissoon, |
| v. | ) United States District Court Judge |
| | ) |
| CO WILDIE RICHTER, LT. ALAN | ) |
| MORRIS, CO SCOTT FEATHER, | ) Cynthia Reed Eddy, |
| CO CHRISTOPHER COLGAN, | ) United States Magistrate Judge |
| SGT. LEONARD EUTSEY, all sued in their | ) |
| individual capacity, | ) |
| | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.  RECOMMENDATION

For the reasons that follow, it is respectfully submitted that the Motion to Dismiss Plaintiff's Amended Complaint filed by Defendants (ECF No. 23) be granted in part and denied in part.

### II.  REPORT

#### A.  Procedural History

Plaintiff, an inmate at the State Correctional Institution at Green ("SCI-Green"), initiated this lawsuit on December 7, 2012, by the filing of a Motion for Leave to Proceed in forma pauperis. Plaintiff's motion was granted and on December 17, 2012, his Complaint was filed (ECF No. 6). The Complaint named seven (7) as defendants, all of whom are employees of SCI-Green: CO Wildie Richter, Lieutenant Alan Morris, CO Scott Feather, CO Christopher Colgan, Sergeant Leonard Eutsey, Lieutenant Robert Kennedy, and Louis Folino, Superintendent of SCI-Green, Distilled to its essence, the Complaint alleges that Defendants purposefully conspired and destroyed his legal documents in retaliation for his filing a grievance, thereby

1

"viola[ting] Plaintiff's First Amendment Constitutional rights to access to the courts, conspiracy to violate Plaintiff's civil rights and retaliating for exercising his constitutional right to petition for redress of grievance." Complaint, at ¶ 71 (ECF No. 6).

Defendants filed a motion to dismiss. In response, Plaintiff filed an Amended Complaint (ECF No. 22), which does not differ much from the original complaint, but clarified that he was bringing separate claims for retaliation, conspiracy, and denial of access to the court. Defs' Br. at 1 (citing Amended Complaint at ¶¶ 70-77, 87, 92, and 100-3.) Additionally, Defendants Kennedy and Folino were dropped as named defendants and Plaintiff's claims for monetary damages against Defendants in their official capacities were also dropped. The Amended Complaint is now the operative pleading from Plaintiff. The remaining Defendants are CO Richter, CO Morris, CO Feather, CO Colgan, and Lieutenant Eutsey.

Defendants filed the instant Motion to Dismiss Plaintiff's Amended Complaint, with brief in support (ECF Nos. 23 and 24), in which they move to dismiss the Amended Complaint on three grounds: (i) lack of personal involvement on the part of some of the Defendants; (ii) failure to state a claim of retaliation; and (iii) failure to state a claim of conspiracy. Plaintiff filed a Response (ECF No. 27); and Defendants filed a Reply Brief (ECF No. 25). The matter is fully brief and ready for disposition. Defendants arguments will be addressed seriatim.

B. Standard of Review

A motion to dismiss pursuant Rule 12(b)(6) challenges the legal sufficiently of the complaint. When reviewing a motion to dismiss, the Court must accept all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom, in favor of the plaintiff. *Burtch v. Milberg Factors, Inc.*, 62 F.3d 212, 220 (3d Cir. 2011), *cert. denied*, -- U.S. --, 131 S. Ct. 1861 (2012) (citing *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010)).

However, as the Supreme Court of the United States made clear in *Bell Atlantic Corp. v. Twombly*, such "[f]actual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. 554, 555 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that, while the Complaint need not contain detailed factual allegations, it must contain more than a "formulaic recitation of the elements" of a constitutional claim and must state a claim that is plausible on its face) (quoting *Twombly*, and providing further guidance on the standard set forth therein).

To determine the legal sufficiency of a complaint after *Twombly* and *Iqbal*, the United States Court of Appeals for the Third Circuit instructs that a district court must make a three-step approach when presented with a motion to dismiss for failure to state a claim. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 n.7 (3d Cir. 2010) (noting that although *Iqbal* describes the process as a "two-pronged approach," it views the case as outlining three steps) (citing *Iqbal*, 556 U.S. at 675). First, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim." *Id*. at 130 (quoting *Iqbal*, 556 U.S. at 675) (alteration in original). Second, the court "should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). Third, '"where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'" *Id*. (quoting *Iqbal*, 556 U.S. at 679).

Courts generally consider the allegations of the complaint, attached exhibits, and matters of public record in deciding motions to dismiss. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir. 1993). Factual allegations within documents described or identified in the complaint also may be considered if the plaintiff's claims are based upon those documents. *Id.* (citations omitted). In addition, a district court may consider indisputably

authentic documents without converting a motion to dismiss into a motion for summary judgment. *Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004); *Lum v. Bank of America*, 361 F.3d 217, 222 (3d Cir. 2004) (in resolving a motion to dismiss pursuant to Rule 12(b)(6), a court generally should consider "the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim.").

A court must employ less stringent standards when considering pro se pleadings than when judging the work product of an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). In a section 1983 action, the court must liberally construe the pro se litigant's pleadings and "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name." *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 247–48 (3d Cir. 1999)). *See also Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (quoting *Higgins,* 293 F.3d at 688). Notwithstanding this liberality, pro se litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See, e.g., Taylor v. Books A Million, Inc.,* 296 F.3d 376, 378, (5th Cir. 2002); *Riddle v. Mondragon*, 83 F.3d 1197, 2102 (10th Cir. 1996).

Moreover, the United States Court of Appeals for the Third Circuit has held that, in civil rights cases, a court must give a plaintiff the opportunity to amend a deficient complaint - regardless of whether the plaintiff requests to do so - when dismissing a case for failure to state a claim, unless doing so would be inequitable or futile. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007).

In addition, in the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting federal actions brought by prisoners in

an effort to curb the increasing number of frivolous and harassing law suits brought by persons in custody. Specifically, Congress enacted the provision at 28 U.S.C. § 1915A, entitled "Screening," which requires the court to review complaints filed by prisoners seeking redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). If the complaint is "frivolous, malicious, or fails to state a claim upon which relief can be granted," or "seeks monetary relief from a defendant who is immune from such relief," the court must dismiss the complaint. 28 U.S.C. § 1915A(b).

In addition, Congress significantly amended Title 28 of the United States Code, section 1915, which establishes the criteria for allowing an action to proceed in forma pauperis ("IFP"), i.e., without prepayment of costs. Section 1915(e) (as amended) requires the federal courts to review complaints filed by persons that are proceeding IFP and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Further, the PLRA substantially amended the Civil Rights of Institutionalized Persons Act, 42 U.S.C.A. § 1997e. In this regard, the PLRA amended section 1997(c) to require the court "on its own motion or on the motion of a party" to dismiss any action brought by a prisoner with respect to prison conditions under 42 U.S.C. § 1983 if the action is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." See 42 U.S.C. § 1997e(c)(1).

Plaintiff is considered a "prisoner" as that term is defined under the PLRA, *see* 28 U.S.C. §§ 1915(h); 1915A(c), and he has been granted leave to proceed IFP in this action (ECF No. 4).

5

In addition, his claims concern prison conditions. Thus, Plaintiff's allegations must be reviewed in accordance with the directives of the PLRA.

C. Discussion

In his Amended Complaint, Plaintiff alleges that on December 9, 2010, he filed a grievance which complained that the Defendants, all officers in the Restricted Housing Unit ("RHU"), and dietary workers were serving food on unsanitary food trays in the RHU. Amended Complaint, at ¶ 10 (ECF NO. 22). Plaintiff received his initial grievance response on December 22, 2010. Approximately five (5) days later, on December 27, 2010, Plaintiff gave Defendant Richter five (5) pieces of mail, including four envelopes with cash slips attached. One of the envelopes allegedly contained 104 legal documents[1] which was to be delivered to the prison library for copying of his grievance appeal and legal documents. The next day, Officer C.O. Gould returned to Plaintiff a cash slip from the librarian with the notation "no paper work attached - copies of what?" Amended Complaint at ¶ 15.

Plaintiff showed the returned cash slip to Defendant Richter and asked him where was the vanilla envelope that contained his legal documents. According to the Amended Complaint, Officer Richter looked at the cash slip, then went to the G-Block office, and returned a few minutes later with Plaintiff's vanilla envelope. *Id.* at ¶ 18. Defendant Richter ordered Plaintiff to open the envelope in his presence. Plaintiff opened the envelope, and found that only two (2) of the 104 documents he had originally placed in the envelope were in it.

Thereafter, Plaintiff filed grievance 350704 against all the defendants for, *inter alia*, "retaliating against plaintiff for attempting to exercise his protected rights and conspiring and

---

[1] The documents allegedly related to Plaintiff's grievance about RHU officers and dietary workers serving food on unsanitary food trays (Grievance 346648) and his pending PCRA petition.

maliciously taking his cash slip off his vanilla envelope to try to hinder plaintiff's grievance appeal and also destroying plaintiff's [102 legal documents denying him access to the court.] (sic)." Resp. at 5 (ECF No. 27).

1. *Personal Involvement*

Defendants assert that the claims against Defendants CO Morris, CO Feather, CO Colgan, and Lieutenant Eutsey should be dismissed for failure to allege personal involvement. *See* ECF No. 24 at 5.

In order to state an actionable civil rights claim, a plaintiff must plead two essential elements: (i) that the conduct complained of was committed by a person acting under color of law, and (ii) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *See Groman v. Township v. Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995); *Shaw by Strain v. Strackhouse*, 920 F.2d 1135, 1141-42 (3d Cir. 1990). Each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. *See Rizzo v. Goode*, 423 U.S. 362 (1976). As explained by the United States Court of Appeals for the Third Circuit:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

*Rode v. Dellarciprete*, 185 F.2d 1195, 1207 (3d Cir. 1988).

It is generally asserted in the Amended Complaint that Defendants Morris, Feather, Colgan, and Eutsey were part of a retaliatory conspiracy to destroy Plaintiff's legal property in retaliation for the filing of a grievance against prison officials. For example, the Amended

7

Complaint indicates that Plaintiff "witnessed the [Defendants] talk on numerous occasions in the CO's office and while passing out meals about Plaintiff and other inmates on his unit filing grievances on 'unsanitized food trays.' And the Defendants were mad at Plaintiff / inmates and all took turns in taking Plaintiff's grievances / mail off his unit - instead of placing his mail in the mailbox on Plaintiff's housing unit . . . ." Amended Complaint, at ¶ 23.

Although there is not a heightened pleading standard in civil rights cases and liberal standards are to be applied to pro se pleadings, a § 1983 complaint must still comply with the Federal Rules of Civil Procedure,[2] and must contain at least a modicum of factual specificity, identifying the particular conduct of each defendant that is alleged to have harmed the plaintiff, so that a defendant has adequate notice to frame an answer.[3] A civil rights complaint complies with this requirement if it alleges the conduct violating plaintiff's rights, the time and the place of that conduct, and the identity of the responsible officials.

Plaintiff's Amended Complaint provides no adequate description as to how Defendants Morris, Feather, Colgan, and Eutsey allegedly retaliated against Plaintiff. The time, place, and nature of the alleged unconstitutional conduct regarding these four (4) Defendants is not set forth in the Amended Complaint. Rather, Plaintiff only sets forth vague averments which fail to sufficiently set forth a constitutional claim in concise and understandable terms. The mere fact that these Defendants may have worked on the same housing block on the alleged date that

---

[2] Federal Rule of Civil Procedure 8 requires that a complaint contain a short and plain statement setting forth (1) the grounds upon which the court's jurisdiction rests, (2) the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief sought by the pleader.

[3] The United States Supreme Court in *Leatherman v. Tarrant County Narcotics Unit*, 507 U.S. 163, 167 (1993), held that it was improper to apply heightened pleading standards to § 1983 actions. The Court noted that a § 1983 complaint need only to comply "with the liberal system of 'notice pleading' set up by the Federal Rules." *Id.*

Plaintiff's legal property was destroyed is not enough to show that they retaliated against Plaintiff. Even under the most liberal construction, the Amended Complaint with respect to these four (4) Defendants does not give fair notice of what Plaintiff's claims are and the grounds upon which they rest.

Furthermore, Plaintiff's allegation that Defendant Morris purportedly "made an admission of guilt when he came to plaintiff's cell and asked how they could resolve his grievance" is not enough to raise a right to relief above the speculation level. *Twombly*, 550 U.S. at 544. (ECF No. 27 at 8). Under Department policy DC-ADM 804 ("Inmate Grievance System"), staff is encouraged to try and resolve grievances quickly and informally. Accordingly, Defendant Morris was simply following policy when he inquired of Plaintiff if there was a way in which to resolve grievance 350704.

For these reasons, it is recommended that the request for dismissal of Defendants Morris, Feather, Colgan, and Eutsey on the basis of failure to allege personal involvement should be granted.

2. *Retaliation*

"Retaliation for the exercise of a constitutionally protected right is itself a violation of rights secured by the Constitution . . . " *White v. Napoleon*, 897 F.2d 103, 111-12 (3d Cir. 1990). To establish a Section 1983 retaliation claim, a plaintiff bears the burden of satisfying three (3) elements. Plaintiff must demonstrate that (1) he engaged in a constitutionally protected activity; (2) he suffered, at the hands of a state actor, adverse action "sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights;" and (3) the protected activity was a substantial or motivating factor in the state actor's decision to take adverse action. *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001).

9

The Amended Complaint states that the actions of Defendants were done in retaliation against Plaintiff because he had filed a grievance against prison officials. A prisoner's ability to file grievances and lawsuits against prison officials is a constitutionally protected activity for purposes of a retaliation claim. *See Milhouse v. Carlson*, 652 F.2d 371, 373-74 (3d Cir. 1981) (retaliation for exercising right to petition for redress of grievances states a cause of action for damages under the constitution).

Based on the allegations set forth in the Amended Complaint, if true, Plaintiff may be able to support a claim of retaliation against Defendant Richter. However, in Defendants' own words, while Plaintiff's "allegation may meet the causation element of a retaliation claim under *Rauser* as to Officer Richter, it does not establish retaliation as to the other Officers assigned to the same housing block." Reply, ECF No. 25 at 5. The Court recognizes that discovery may well reveal that the alleged conduct of Defendant Richter does not give rise to a retaliation claim, but at this stage of the litigation, the allegations of the Amended Complaint must be accepted as true and all reasonable inferences must be drawn in Plaintiff's favor.

Accordingly, it is recommended that the motion to dismiss Plaintiff's retaliation claim be dismissed as to all Defendants except Defendant Richter.

3. *Conspiracy*

Defendants contend that Plaintiff's conspiracy claim should be dismissed as the Amended Complaint fails to allege sufficient facts to support such a claim. In response, Plaintiff represents that he "is foregoing his conspiracy claim." Response, ECF No. 27 at 14. Thus, the motion to dismiss should be granted, without objection, as to the conspiracy claim.

4. *Futility*

If a civil rights complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile. *Alston v. Parker,* 363 F.3d 229, 235 (3d Cir. 2004). A district court must provide the plaintiff with this opportunity even if the plaintiff does not seek leave to amend. *Id. But see Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007) (in non-civil rights cases, a plaintiff must seek leave to amend and submit a draft of an amended complaint).

Because Plaintiff was previously informed that his original complaint was deficient, and he filed an Amended Complaint, the Court is not required to provide him with further leave to amend. *Shelley v. Patrick,* 481 F. App'x 34, 36 (3d Cir. 2012).

For all the foregoing reasons, it is recommended that Defendants' Motion to Dismiss Plaintiff's Amended Complaint be granted in part and denied in part as follows: (i) the motion to dismiss be granted as to all claims against Defendants CO Morris, CO Feather, CO Colgan, and Lieutenant Eutsey and these Defendants be dismissed with prejudice from this lawsuit, (ii) the motion to dismiss be denied as to the retaliation claim, but it will proceed only as to Defendant Richter, the sole remaining defendant; and (iii) the motion to dismiss be granted, without objection, as to the conspiracy claim.[4]

### III. Conclusion

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed until August 22, 2013 to file objections. Failure to timely file objections will constitute a waiver of any appellate rights. *Brightwell v.*

---

[4] It is noted that the pending motion to dismiss does not address the denial of access to the courts claim. Since the sufficiency of the denial of access to the courts claim has not been addressed by Defendants, it will proceed, but only as to Defendant Richter.

*Lehman*, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.

                                                                              /s Cynthia Reed Eddy
                                                                              Cynthia Reed Eddy
                                                                              United States Magistrate Judge

Dated: August 5, 2013

cc:      Stephen Bernard Blackstone
          GE-5445
          S.C.I. Greene
          175 Progress Drive
          Waynesburg, PA 15370

          Raymond W. Dorian
          Pennsylvania Department of Corrections
          Office of Chief Counsel
          Email: rdorian@pa.gov